UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           MISCELLANEOUS ACTION

VERSUS                             NO. 09-3314

JOEQUAL MCCALEBB                   SECTION "C"

ORDER AND REASONS

This matter comes before the Court on the government's motion for criminal contempt. The government argues in this motion that the defendant, Joequal McCalebb ("McCalebb"), responded to a grand jury subpoena served by a special agent for the Bureau of Alcohol, Tobacco and Firearms, but left without being excused from the subpoena by the government. As a result, the government seeks McCalebb's arrest and an order that she show cause why she should not be held in criminal contempt in violation of 18 U.S.C. § 401(3).

The Court notes that McCalebb did in fact appear as ordered, but apparently did not wish to cooperate with the government subpoena and advised she wanted to hire an attorney, making a phone call to that effect. She then allegedly left after being instructed by the prosecutor that she was not excused from the subpoena.

1

While the government is entitled to a rule to show cause why she should not be held in contempt for her departure, having her arrested is unnecessarily severe.  The Court will consider a summons for a rule to show cause that is in compliance with Rule 42 of the Federal Rules of Criminal Procedure.  In addition, not only should the government provide sworn testimony in support of its motion, i.e., via affidavit, but it should consider the propriety of having the rule to show cause signed and prosecuted by the primary government witness to the alleged crime.

The Court is also unclear as to whether the testimony of the defendant is still sought.  If that is the case, the government may want to consider civil contempt or other procedures relevant to recalcitrant witnesses, rather than criminal contempt.

The Court is mindful that its contempt power under Section 401 carries great responsibility.  "The absence of any statutory limit on the punishment for most contempts imposes a special duty on the district courts to exercise their extraordinary power with the utmost sense of responsibility and circumspection."  Charles Alan Wright, Nancy J. King & Susan R. Klein, 3A *Federal  Practice & Procedure: Criminal*  § 714 (West)

Accordingly,

IT IS ORDERED that the motion for criminal contempt is DENIED.

New Orleans, Louisiana, this 29th day of April, 2009.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE